[No. 5009.]
[No. 2558 C. A.]

## MITCHELL v. PEARSON.

1. **Pleading—Misjoinder of Causes of Action—Quieting Title—Contracts.**

An action to quiet title to certain land cannot be properly joined in the same complaint with an action for a money judgment for breach of contract by defendant to purchase the land.

2. **Practice—Tender—Acceptance.**

Where plaintiff failed to accept a tender made by defendant under section 281 of the code and to give notice thereof as required, the tender must be considered as withdrawn and plaintiff is not entitled to a judgment therefor.

3. **Tax Sales—Tender—Quieting Title.**

Where the defendant in an action to quiet title, before the commencement of the suit, tendered plaintiff a certain sum of money which purported to be the amount of taxes, penalty and cost necessary to redeem the land in controversy from an illegal tax sale, conditioned upon plaintiff's relinquishment of all of his title thereto to defendant, which tender was refused by plaintiff, plaintiff was not entitled to a money judgment for the amount tendered in his action to quiet title.

4. **Appellate Practice—Abstracts—Briefs—Rules of Court.**

A judgment may be affirmed upon appellant's failure to comply with the rules for preparing abstracts and printing briefs.

*Appeal from the District Court of Arapahoe County: Hon. P. L. Palmer, Judge.*

Mr. GEORGE W. TAYLOR and Mr. W. C. MITCHELL, for appellant.

Mr. JOSHUA GROZIER, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court.

The complaint upon its face purports to and, as we think, does contain two separately alleged causes of action. The first is in substance that the plaintiff is the owner and in possession of real estate the fee of which he claims, to which defendant asserts a hostile title which is without semblance of right. Following these allegations and in a separate division of the complaint is this language: "For a second cause of action the plaintiff alleges," which language is succeeded by averments that plaintiff and defendant entered into a certain contract whereby defendant agreed to pay plaintiff the sum of $50 for the latter's title to the land presumably described in the first cause of action; that plaintiff executed and tendered to defendant a deed therefor conveying all of plaintiff's interest therein to defendant, but the latter neglected and refused to pay the stipulated price therefor, and by reason thereof plaintiff asks damages in the sum of $50. The prayer of the complaint is not only that the title to the property be quieted in plaintiff, but also that plaintiff have a money judgment for the breach.

To this complaint the defendant filed a demurrer upon the ground that two causes of action are improperly united in the complaint, one being to quiet title to real estate, the other for damages for the breach of a contract to pay money. The court sustained the demurrer, and, the plaintiff electing to stand by his complaint, dismissed the action.

The plaintiff brings the case here by appeal, and the only substantial ground urged for reversal is that

the court improperly sustained the special demurrer.
That the plaintiff intended to state two causes of action in the complaint is apparent, and that he succeeded in the effort we think equally clear. Not only does he purport to state a second cause of action, which implies the statement of a first, but, as the foregoing summary shows, his purpose was accomplished. That these causes were improperly united is beyond question. Section 70 of our civil code permits the joinder of certain causes of action in the same complaint, but the present action does not fall under either of the three classes therein described. This is so clear that we need not discuss its provisions.

It is objected, however, upon this hearing that because the record shows that, before the ruling of the trial court upon the demurrer, the defendant tendered to the plaintiff the sum of $15.10, it was error to sustain the demurrer and dismiss the action at plaintiff's cost, but judgment should have been rendered for plaintiff, at least for the sum tendered, which was an admission that the amount tendered was due. No such contention seems to have been made below. But if it had been, it was without merit. If this was a tender under section 281 of the code it was not good. That section provides that the defendant may, at any time before trial or judgment, make a tender to the plaintiff, but to avail himself of it plaintiff must accept the offer and give notice thereof within five days, and if he does not do so, the offer shall be deemed withdrawn and shall not be given in evidence. The record fails to show any acceptance of this offer or notice thereof, and, under the provisions of this section, it must be considered as withdrawn.

For another reason the tender must be disregarded. This cause and another pending appeal,

between some of the same parties, were argued orally together; and counsel on both sides, in argument in each case, have referred to the record in the other. The record in this case does not show the nature of the tender, when made, or for what purpose. But the record in the other case—*Mitchell et al. v. Pearson,* ante, p. 278, discloses that this tender was made before suit, that it purported to be the amount of taxes, penalty, costs and interest necessary to redeem from an illegal tax sale of defendant's property, and that it was conditioned upon the relinquishment of all of plaintiff's title thereto and of conveyance thereof by him to defendant, and that the tender was refused. The plaintiff was not entitled to a judgment for the amount of the tender under the facts of the case.

The point is made by appellee that the abstract is radically defective in that the provisions of rule 14 of the court of appeals, to which this case was originaly taken, were ignored. Appellant claims that he obtained permission of that tribunal by interlineations to make the necessary corrections which would bring the abstract within the rules. We observe that the interlineations made, even if authorized, do not constitute a compliance with rule 14, and the reply brief which, instead of being printed as such rule requires, is in indistinct and blurred typewriting and flagrantly violates rule 17 concerning printing of briefs. The affirmance of this judgment may well be based not only upon a failure of appellant to comply with the rules for preparing abstracts and printing briefs, but for lack of merit in the errors which he assigns for a reversal.

The judgment is right, and should be affirmed.

*Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE STEELE concur.